UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLAUDIO CHIAROT,

        Plaintiff,

                                 Case No. 04-CV-73524

vs.

                                 HON. GEORGE CARAM STEEH

ANGELA BELCHER,

        Defendant.

_____/

OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

INTRODUCTION

Before the court in this diversity auto negligence action is defendant Angela

Belcher's motion for summary judgment, in which she asserts that plaintff has not met

the "serious impairment of body function" threshold requirement for recovery of non-

economic loss damages under the Michigan No-Fault Act, Mich. Comp. Laws Ann. §

500.3135.  Because a question of fact for the jury has been created under Mich. Comp.

Laws Ann. § 500.3135(2)(a)(ii) by plaintiff's submission of a physician's affidavit,

defendant's motion is denied, as set forth below.

BACKGROUND

Plaintiff's complaint, brought in federal court on the basis of diversity of

citizenship[1], arises out of a multi-car accident which occurred on Hall Road in Clinton

Township at approximately 9:00 a.m. on September 11, 2001.  Plaintiff Claudio Chiarot

alleges that defendant Angela Belcher negligently rear-ended his vehicle, causing him

_____

[1] Plaintiff is a citizen of Canada, defendant of Michigan.

permanent injuries, and seeks "compensation for the injuries and damages sustained" by plaintiff.  See Complaint, final paragraph.

Plaintiff has testified that he was stopped behind another vehicle on the side of eastbound Hall Road near Garfield in Clinton Township, Michigan, waiting for an ambulance to go by, at the time of the collision.  His vehicle was pushed into the one situated in front of his.  Plaintiff alleges his head hit the steering wheel upon impact. After the collision, plaintiff got out of his car and asked the defendant if she was alright. Plaintiff got back into his car after that and drove, as planned, to a golf course and began a game of golf with co-workers from the MGM Casino, which plaintiff alleges he had to end prematurely due to pain.  A police report from the accident indicates plaintiff showed no sign of injury.

Plaintiff alleges he presented at the emergency room of the Hotel Deiu (a Windsor hospital) later that day, complaining of discomfort to the back of his head.  X-rays were not taken, he was given pain medications, and released that day.  Plaintiff had been injured in a prior motor vehicle accident in 1997, following which he had a spinal fusion at L3-L4 performed by a Dr. S. Chakravarthi.  He treated with that doctor after the 2001 accident, and defendant attaches a 2003 report requested by Dr. Chakravarthi at Hotel-Dieu in Exhibit E to its brief, indicating a bone scan showed "ongoing post operative changes in the lumbar spine which have improved since June 2001. Normal cervical spine unchanged from June 2001."  June 2001 was prior to the accident complained of in this lawsuit.

Plaintiff has been able to work his full time position at MGM Casino since the accident through the present time, with the exception of 4-5 days missed at the time of

2

the accident.  Plaintiff saw a chiropractor, Dr. Jim Asprakis, for six months following the accident, and elected to receive acupuncture from a Dr. Song at the "Acupuncture Clinic" in Windsor, where he goes for both massage therapy and acupuncture.  At plaintiff's deposition, plaintiff stated that he suffers from pain in his neck, lower back and lower legs; headaches; memory loss; nausea; and that he has trouble sleeping.  Defendant asserts that plaintiff also treats for pancreatitis, colitis, and gall stones, and that he complains of associated nausea, back pain, and trouble with sleeping, which defendant argues is unrelated to the 2001 accident.

Plaintiff's annual income, which varies from year to year, has generally increased, from $17,000 in 1999 to $70,000 in 2003 and over $61,000 in 2004.  Plaintiff asserts he is "limited" in his ability to play golf and work out at his health center, but can mow the lawn, use a treadmill, and lift weights.  Plaintiff's deposition, pp.34-38.

Defendant now moves for summary judgment, asserting that there is no material question of fact as to whether plaintiff has suffered a serious impairment of a body function or permanent serious disfigurement, as required for recovery under Mich. Comp. Laws Ann. § 500.3135.

<u>STANDARD</u>

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  <u>See</u> <u>Redding v. St. Eward</u>, 241 F.3d 530, 532 (6th Cir. 2001).  The Supreme Court has affirmed the court's use of summary judgment as an integral part of

3

the fair and efficient administration of justice.  The procedure is not a disfavored

procedural shortcut.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 327 (1986); <u>see</u> also <u>Cox</u>

<u>v. Kentucky Dept. of Transp.</u>, 53 F.3d 146, 149 (6th Cir. 1995).

     The standard for determining whether summary judgment is appropriate is

"'whether the evidence presents a sufficient disagreement to require submission to a

jury or whether it is so one-sided that one party must prevail as a matter of law.'"

<u>Amway Distributors Benefits Ass'n v. Northfield Ins. Co.</u>, 323 F.3d 386, 390 (6th Cir.

2003) (quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 251-52 (1986)).  The

evidence and all reasonable inferences therefrom must be construed in the light most

favorable to the non-moving party.  <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio</u>

<u>Corp.</u>, 475 U.S. 574, 587 (1986); <u>Redding</u>, 241 F.3d at 532 (6th Cir. 2001).  "[T]he mere

existence of <u>some</u> alleged factual dispute between the parties will not defeat an

otherwise properly supported motion for summary judgment; the requirement is that

there be no <u>genuine</u> issue of <u>material</u> fact."  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S.

242, 247-48 (1986) (emphasis in original); <u>see also</u> <u>National Satellite Sports, Inc. v.</u>

<u>Eliadis, Inc.</u>, 253 F.3d 900, 907 (6th Cir. 2001).

     If the movant establishes by use of the material specified in Rule 56(c) that there

is no genuine issue of material fact and that it is entitled to judgment as a matter of law,

the opposing party must come forward with "specific facts showing that there is a

genuine issue for trial."  <u>First Nat'l Bank v. Cities Serv. Co.</u>, 391 U.S. 253, 270 (1968);

<u>see</u> <u>also</u> <u>McLean v. 988011 Ontario, Ltd.</u>, 224 F.3d 797, 800 (6th Cir. 2000).  Mere

allegations or denials in the non-movant's pleadings will not meet this burden, nor will a

mere scintilla of evidence supporting the non-moving party.  <u>Anderson</u>, 477 U.S. at 248,

4

252. Rather, there must be evidence on which a jury could reasonably find for the non-movant. McLean, 224 F.3d at 800 (citing Anderson, 477 U.S. at 252).

ANALYSIS

Mich. Comp. Laws Ann. § 500.3135(1) provides that a person may be subject to tort liability for non-economic damages only if the injured has "suffered death, serious impairment of body function or permanent serious disfigurement." The issue in this case is whether plaintiff has suffered a "serious impairment of body function." That definition is found at Mich. Comp. Laws Ann. § 500.3135(7), which provides that the phrase "means an objectively manifested impairment of an important body function that affects the person's general ability to lead his or her normal life."

Defendant cites to Kreiner v. Fischer, 471 Mich. 109 (2004) for the process to be employed in determining whether the plaintiff's injuries meet the statutory threshold. In determining whether the plaintiff is "generally able" to lead his normal life, the trial court is to follow a framework, set forth below. Kreiner, 471 Mich. 109, 131. First, the court must determine whether there is a factual dispute as to the nature and extent of the plaintiff's injuries. If there is not, the court moves on to the next step. If there is, but the dispute is not material to a determination of whether plaintiff has suffered a serious impairment of body function, the court also moves on to the next step[2]. If the dispute is material to a determination of whether plaintiff has suffered a serious impairment of

---

[2] Relevant here, "if a licensed allopathic or osteopathic physician who regularly diagnoses or treats closed-head injuries testifies under oath that there may be a serious neurological injury," "a question of fact for the jury is created." Mich. Comp. Laws Ann. § 500.3135(2)(a)(ii).

5

body function, then the dispute over the nature and extent of the plaintiff's injuries is a question of fact for the jury to decide. Id. at 132.

As noted above, a question of fact for the jury is created with a physician's sworn testimony that the plaintiff may have a serious neurological injury. Mich. Comp. Laws Ann. § 500.3135(2)(a)(ii). In the case at bar, Dr. Eilender's affidavit was submitted with the plaintiff's response brief, in which he attests that he is a board certified neurologist who "regularly diagnose[s] and treat[s] closed head injuries," and is "of the opinion that [plaintiff] may be suffering from serious neurological injury as a result of the automobile accident of September 11, 2001." See Exhibit 12 to Plaintiff's Response to Defendant's Motion for Summary Judgment. Although that copy of the affidavit was neither dated nor notarized, plaintiff filed a second, sworn copy on May 19, 2005.

Although it appears that it was proffered solely to satisfy the requirement in Mich. Comp. Laws Ann. § 500.3135(2)(a)(ii), the affidavit serves to remove this case from those in which a determination on the nature and extent of injuries is a matter of law. Unlike cases where a doctor's statement has been found to be insufficient, such as Churchman v. Rickerson, 240 Mich.App 223, 226 (2000), where the requirement that the doctor testify that there may be a "serious neurological injury" was not satisfied, the affidavit here presents the sworn testimony of an allopathic physician, who attests he "regularly diagnoses or treats closed-head injuries," and that there "may be a serious neurological injury."

The court has also considered the reasoning of an unpublished Michigan Court of Appeals case of McDonald v. Vaughn, 2004 WL 1103926, which cited Quinto v. Cross & Peters Co., 451 Mich. 358, 371-72 (1996) and Travis v. Dreis & Krump Mfg.

6

Co., 453 Mich. 149, 175 (1996), in its upholding of the trial court's entry of summary judgment for defendant, because the doctor's affidavit gave only conclusory allegations, and provided no scientific or factual support for those conclusions.  Precedent in the Sixth Circuit in the context of summary judgment motions also holds that such affidavits fail to establish a factual issue for trial.  See, e.g. Williams v. Ford Motor Co., 187 F.3d 533, 544 (6th Cir. 1999).  Although there are parallels between McDonald and the instant case, the distinguishing fact is Dr. Eilender's affidavit, which contains a paragraph stating "[s]pecifically, this opinion is derived from the fact that Mr. Chariot (sic) did suffer from a head impact as a result of the crash, that he has also been suffering from daily headaches since the crash and has been demonstrating short term memory deficits since the crash."  May 16, 2005 Affidavit of Dr. Lawrence M. Eilender,  ¶ 2.  The court notes that the statutory language of § 500.3135(2)(a)(ii) does not require a description of the source of the doctor's opinion, and although the factual support for Dr. Eilender's opinion is certainly generalized, the court is not in a position to substitute its judgment for that of a physician specializing in closed head injuries to conclude there has been no factual support given for his opinion.

Defendant's motion for summary judgment will thus be denied, as plaintiff has minimally satisfied the requirements set forth in § 500.3135(2)(a)(ii), creating a question of fact for the jury.

CONCLUSION

For the reasons stated above, defendant's motion for summary judgment is

7

hereby DENIED.

      IT IS SO ORDERED.


                                          s/George Caram Steeh
                                          GEORGE CARAM STEEH
                                          UNITED STATES DISTRICT JUDGE

Dated:  June 23, 2005

                         CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on June 23, 2005, by electronic and/or ordinary mail.


                                            s/Josephine Chaffee
                                          Secretary/Deputy Clerk